evidence is relevant to that issue; (3) the evidence of other crimes is clear and convincing; and (4) the evidence relates to wrongdoing similar in kind and reasonably close in time to the charge at trial. *United States v. Farber,* 630 F.2d 569, 571 (8th Cir.1980), *cert. denied,* 449 U.S. 1127, 101 S.Ct. 946, 67 L.Ed.2d 114 (1981).

In the case at bar, the government offered the contested evidence to show appellant's willfulness in failing to file. Appellant contends that the evidence did not meet the fourth prerequisite listed above because the correspondence was far removed in time from the crimes charged. We disagree. Both of the contested letters were executed less than two years after the return date for 1981. *See id.* at 572 (three and one-half years reasonably close in time). Moreover, subsequent tax paying conduct is relevant to the issue of willfulness in a prior year.[2] *Id.*

Accordingly, the judgment of the district court is affirmed.

Michael L. Thynne, Paul J. Denton, Denton & Thynne, P.C., Denver, Colo., for defendant/appellant.

Before WALLACE, FARRIS and NELSON, Circuit Judges.

PER CURIAM:

In *United States v. Lomas,* 706 F.2d 886 (9th Cir.1983), we remanded for the district court to pursue several inquiries, including the question of whether the Government would have discovered the incriminating evidence had it not illegally seized the hotel room. The district court determined that the room would have been searched pursuant to a valid warrant even if it had not been locked by Agent Wilma, and that the warrant was not based in any way upon the illegal seizure. We also note that because Lomas was in custody on the evening of April 17, 1981, he would not have been able to return to the hotel and destroy the evidence, even had the room not been locked.

Lomas' conviction is AFFIRMED.

UNITED STATES of America,
Plaintiff/Appellee,

v.

Robert Kenneth LOMAS,
Defendant/Appellant.

No. 81–1768.

United States Court of Appeals,
Ninth Circuit.

Resubmitted Nov. 14, 1983.

Decided Jan. 9, 1984.

Kenneth Bauman, Asst. U.S. Atty., Portland, Or., for plaintiff/appellee.

UNITED STATES of America,
Plaintiff-Appellee,

v.

Jose Robert GOMEZ–SOTO,
Defendant-Appellant.

No. 82–1459.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 12, 1983.

Decided Jan. 9, 1984.

---

2. In his reply brief appellant mentions that his consecutive sentences are excessive in that he was found guilty of a misdemeanor for which the maximum punishment cannot exceed one year. He cites no authority in support of this contention and we know of none applicable to the circumstances of this case.